UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WINGATE INNS INTERNATIONAL, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HANNA G.N. CORPORATION, ANDRZEJ L. NIEBELSKI, AND JADWIGA NIEBELSKA,**<br><br>**Defendants.** | Civ. No. 2:21-cv-4715 (WJM)<br><br>**OPINION** |

Plaintiff Wingate Inns International, Inc. ("Plaintiff" or "WII") moves for final judgment by default against Defendants Hanna G.N. Corporation ("Hanna") and Jadwiga Niebelska ("Niebelska") (jointly "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 10. The Court decides this matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion for default judgment is **denied without prejudice**.

I. Background

On March 10, 2021, Plaintiff, a Delaware corporation with its principal place of business in New Jersey, filed a seven-count Complaint seeking damages resulting from Defendants' alleged breach of a franchise agreement.[1] ECF No. 1. Hanna is a corporation organized and existing under the laws of Texas with its principal place of business in Texas. Compl., ¶ 2, ECF. 1. Defendant Niebelska is a principal of Hanna and a citizen and resident of Texas. *Id.* at ¶ 4.

Unable to personally serve Defendants in Texas despite repeated efforts to do so, Plaintiff, by letter dated April 27, 2021, mailed the Summons and Complaint to Hanna and J. Niebelska via regular mail and certified mail, return receipt requested, pursuant to Fed. R. Civ. P. 4(e)(1). *See* Affidavit of Bryan P. Couch, Exhs. A and B, ECF No. 5.

---

[1] Plaintiff voluntarily dismissed Defendant Andrzij L. Niebelska from this action. ECF No. 7.

1

Defendants did not answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendants on June 2, 2021. Thereafter, Plaintiff filed the instant motion for default judgment. ECF No. 10. Plaintiff served Defendants with the motion for default on December 3, 2021. ECF No. 10-1.

## II. Discussion

Fed. R. Civ. P. Rule 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). However, because the entry of default judgment prevents a decision on the merits, the Third Circuit disfavors it. Moreover, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

In considering a motion for default judgment, the Court must first examine whether there has been sufficient proof of service. *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l. Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("Effective service of process is therefore a prerequisite to proceeding further in a case."); *see also U.S. v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000) ("[T]he entry of a default judgment without proper service of a complaint renders that judgment void.").

An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or* where service is made." Fed. R. Civ. P. 4(e)(1) (emphasis added). A corporation may be served in the same manner as individuals. Fed. R. Civ. P. 4(h)(1)(A). "In other words, service upon [an individual or] a corporation may be made in accordance with the New Jersey Rules of Court relating to service of process" or, in this case, the Texas rules relating to service. *See Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., Inc.*, No. 05-cv-4353, 2006 WL 2224416, at *3 (D.N.J. Aug. 1, 2006).

Under New Jersey Court Rules, where personal service of an individual or corporation located outside of the State is not possible despite diligent effort and inquiry, service may be effectuated by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary

mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode;... (3) a corporation ... that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office." *See* N.J. Ct. R. 4:4-4(b)(1)(C). The plaintiff must also file an Affidavit of Inquiry with the Court satisfying N.J. Ct. R. 4:4-5(b) and detailing the diligent efforts made to effectuate personal service. *See* N.J. Ct. R. 4:4-4(b)(1). New Jersey Court Rule 4:4-7 requires that proof of service be filed together with the Affidavit of Inquiry, and further provides:

> Where service is made by registered or certified mail and simultaneously by regular mail, the return receipt card, or the printout of the electronic confirmation of delivery, which shall include an image of the recipient's signature, provided by the U.S. Postal Service, or the unclaimed registered or certified mail shall be filed as part of the proof. ... Failure to make proof of service does not affect the validity of service.

N.J. Ct. R. 4:4-7. Similarly, under Texas Rules of Civil Procedure Rule 106(a), service of process must be either in person or by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Rule 107 of the Texas Rules of Civil Procedure further provides that "[w]hen the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." *See e.g., Southwestern Sec. Services, Inc. v. Gamboa,* 172 S.W.3d 90, 92-93 (Tex. Ct. of App. 2005).

Here, Plaintiff has filed an Affidavit of Inquiry explaining that on multiple occasions, its process server made unsuccessful attempts to serve Defendants in Texas. ECF No. 5. Accordingly, service by mail was permitted under N.J. Ct. R. 4:4-4(b)(1)(C) as well as Texas R. Civ. P. 106.

However, Plaintiff has failed to include as part of the proof of service, the return receipt card or other confirmation of delivery, which is required under both New Jersey and Texas law. *See* ECF No. 5. Thus, Plaintiff's proof of service does not comport with Fed. R. Civ. P. 4(e). *See e.g., Richardson v. Cascade Skating Rink,* No. 19-CV-08935, 2021 WL 1259669, at *2 (D.N.J. April 6, 2021) (concluding proof of service failed to comply with Fed. R. Civ. P. 4 in part because plaintiff did not submit return receipt with court). While the Court is mindful that N.J. Ct. R. 4:4-7 expressly provides that the "[f]ailure to make proof of service does not affect the validity of service," there is no indication whether Defendants actually received a copy of the Summon and Complaint. *Cf. Baymont Franchise Systems, Inc. v. Bernstein Co., LLC,* No. 18-CV-620, 2019 WL 1455577, at *3 (D.N.J. April 1, 2019) (concluding defendant had been served despite

3

plaintiff's failure to provide proof of service because defendant had spoken to process server and was "clearly aware of this matter"); *Evanston Ins. Co. v. Cozen O'Conner, P.C.*, No. 06-CV-4687, 2007 WL 869614, at * 6 (D.N.J. March 20, 2007) (finding that plaintiff's service was proper despite failure to file return receipt with court since defense counsel confirmed that clients had been served).

Accordingly, the Court declines to enter default judgment at this juncture. Plaintiff's motion for default judgment is **denied without prejudice.** Plaintiff may re-serve Defendants either in person or by mail within ninety (90) days in accordance with the Federal Rules of Civil Procedure and file proof of service on the docket within ninety-five (95) days from the date of this Opinion and accompanying Order.

An appropriate order follows.

                                          */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 18, 2022**