## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

**WINGATE INNS INTERNATIONAL, INC.,**

    **Plaintiff,**

v.

**HANNA G.N. CORPORATION, ANDRZEJ
L. NIEBELSKI, AND JADWIGA
NIEBELSKA,**

    **Defendants.**

Civ. No. 2:21-cv-4715 (WJM)

**OPINION**

---

Plaintiff Wingate Inns International, Inc. ("Plaintiff") renews its motion for final judgment by default[1] against Defendants Hanna G.N. Corporation ("Hanna") and Jadwiga Niebelska ("Niebelska") (jointly "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 16. The Court decides this matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion for default judgment is **granted**.

### I.  Background

On or about August 22, 2005, Plaintiff entered into a franchise agreement ("Agreement") with Hanna for the operation of a 64-room Wingate® guest lodging facility located at 3010 Catclaw Drive S, Abilene, TX ("Facility") for a twenty-year term. Compl., ¶¶ 9-10, ECF 1; Agreement attached to Aff. of Kendra Mallet ("Mallet Aff.") as Ex. A. The Agreement requires Hanna to make certain periodic payments to Plaintiff for *inter alia,* royalties, system assessment fees, special marketing assessment fees, taxes, and relicense fees ("Recurring Fees"). Agreement, § 7. Section 7.3 also obligates Hanna to pay interest "on any past due amount payable to us under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

---

[1] On January 18, 2022, the Court denied without prejudice Plaintiff's initial motion for default judgment due to insufficient proof of service and gave Plaintiff an opportunity to cure the noted deficiencies. ECF No. 11.

Pursuant to § 11.2 of the Agreement, Plaintiff can terminate the Agreement, with notice, for various reasons including Hanna's discontinued operation of the Facility as a Wingate® guest lodging establishment, and/or loss of possession or right to possession of the Facility. In the event of termination under § 11.2, Hanna must pay liquidated damages in accordance with a formula specified in the Agreement - "an amount equal to the sum of accrued Recurring Fees during the immediately preceding 24 full calendar months (or the number of months remaining in the unexpired Term (the "ending Period") at the date of termination, whichever is less)." Agreement, § 12.1. Additionally, liquidated damages include interest as calculated under § 7.3. *Id.*

Niebelska and Andrzij L. Niebelska[2] ("A. Neibelska") provided Plaintiff with a guaranty of Hanna's obligations under the Agreement ("Guaranty"), agreeing to "immediately make each payment and perform or cause [Hanna] to perform, each unpaid or unperformed obligation of [Hanna] under the Agreement." Guaranty attached to Mallet Aff. as Ex. C. Furthermore, Hanna, Niebelska, and Andrzij L. Niebelska executed a Development Incentive Note ("Note") for the amount of $150,000.00. Note attached to Mallet Aff. as Ex. D. Pursuant to the terms of that Note, on each anniversary of the Facility's opening date, one-fifteenth (1/15) of the original principal amount is to be forgiven without payment. *Id.* However, if termination of the Agreement occurs, the "outstanding, unamortized principal balance of this Note shall be immediately due and payable without further notice, demand or presentment." *Id.* Upon acceleration of the Note, any outstanding principal balance is to bear interest at a rate of 18% per annum or the highest rate allowed by law from the due date until paid. *Id.*

On or about November 6, 2018, Hanna lost possession of the Facility. Compl., ¶ 27. By letter to Hanna dated January 3, 2019, Plaintiff acknowledged termination of the Agreement and advised that in accordance with the Agreement terms, Hanna was required to pay $147,583.41 in liquidated damages for premature termination and $74,585.29 in outstanding Recurring Fees and other charges through the date of termination. Letter attached to Mallet Aff. as Ex. E. In addition, Plaintiff sought repayment of the $50,000 outstanding principal balance on the Note. *Id.* To date, Defendants have failed to pay the outstanding amounts due and owing under the Franchise Agreement, Note, and Guaranty.

On March 10, 2021, Plaintiff, a Delaware corporation with its principal place of business in New Jersey, filed a seven-count Complaint seeking damages resulting from Defendants' breach of the Franchise Agreement. Hanna is a corporation organized and existing under the laws of Texas with its principal place of business in Texas. Compl., ¶

---

[2] Plaintiff voluntarily dismissed Andrzij L. Niebelska from this action. ECF No. 7.

2. Defendant Niebelska is a principal of Hanna and a citizen and resident of Texas. *Id.* at ¶ 4. Personal service of the Summons and Complaint was executed on Hanna on its registered agent, Niebelska, in Ailene, Texas on February 1, 2022. Return of Service, ECF No. 14. Defendant Niebelska was also personally served in Abilene, Texas on February 1, 2022. *Id.*

Defendants have not answered or otherwise responded to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendants on March 11, 2022. Plaintiff now moves for default judgment. ECF No. 16. Plaintiff served Defendants with the present motion for default on August 12, 2022. ECF No. 16-1.

## II. Discussion

Fed. R. Civ. P. 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Here, Defendants were properly served on February 1, 2022. *See* Fed. R. Civ. P. 4(e), 4(h).

Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the defendant and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*, 17-cv-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008). After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

A.    Jurisdiction

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court has personal jurisdiction over Hanna in accordance with § 17.6.3 of the Agreement which states that Hanna consents "to the non-exclusive personal jurisdiction of" the District Court of New Jersey for all "cases and controversies" under the Agreement. Moreover, Niebelska acknowledged in the Guaranty that he is personally bound by § 17 of the Agreement.

B.    Cause of Action Established

Plaintiff states a cause of action for breach of contract, which requires: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the Complaint includes all four elements. Compl., ¶¶ 9-26.

C.    Whether The Entry Of Default Judgment Would Be Proper

Defendants have no meritorious defense based on the limited record before the Court. *See e.g., Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11–624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (no meritorious defense where court could not determine existence of meritorious defense since defendant did not respond). Moreover, Plaintiff has clearly been prejudiced by Defendants' failure to answer as it remains unable to move forward with the case and has been delayed in receiving the requested relief of significant amounts due and owing. *See e.g., E.A. Sween Co. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 575 (D.N.J. 2014) (finding plaintiff would suffer prejudice from denial of default judgment where defendant failed to appear or defend itself in nearly seven months since proper service). Finally, where, as here, a defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4.

D.    Damages

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for total damages of $448,239.32 under the terms of the Agreement, Guaranty, and Note. That sum consists of: 1) outstanding Recurring Fees in the current amount of $115,765.89 inclusive of interest calculated at the legal rate of 1.5% per month pursuant to § 7.3 of the Agreement, *see* Kendra Mallet Aff., ¶ 23, Ex. F; 2) $50,000 in outstanding principal balance of the Note plus $34,671.96 of prejudgment interest calculated at a rate

of 18% per annum,[3] *id.* at ¶¶ 24-26; and 3) liquidated damages in the amount of $147,583.41 plus $100,218.06 in interest calculated at a rate of 1.5% per month,[4] *id.* at ¶¶ 33, 34.

For the foregoing reasons, Plaintiff's motion for entry of default judgment is **granted**. Judgment shall be entered against Defendants, jointly and severally, for damages in the amount of $448,239.32. An appropriate order follows.

_/s/ William J. Martini_
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 13, 2022**

---

[3] The interest is calculated by multiplying the daily rate of $24.66 ($50,000 x 18% divided by 365) by 1,406, the number of days between November 7, 2018 (when the Note became due) and September 13, 2022 (date of this Opinion and accompanying Judgment and Order).

[4] The interest is calculated by multiplying the daily interest rate of $72.78 ($147,583.41 x 18% divided by 365) by 1,377, which is the number of days between December 6, 2018 (30 days from the termination date), and September 13, 2022 (date of this Opinion and accompanying Judgment and Order).